# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JARVIS HARRIS,

    Plaintiff,

v.

CITY OF CINCINNATI, et al.,

    Defendants.

Case No. 1:17-cv-762

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner who proceeds *pro se*, was granted leave to file a complaint *in forma pauperis* on December 8, 2017, alleging that the City of Cincinnati ("City"), Police Officer Brian Trotta ("Trotta"), the University of Cincinnati Medical Center ("UCMC"), and "John Doe Physician" violated his civil rights under 42 U.S.C. §1983. (*See* Docs. 1-4). Plaintiff subsequently was permitted to file two amendments to his complaint, and Defendants' dispositive motions to dismiss the original complaint were denied as moot.

Defendant UCMC recently filed a renewed motion to dismiss the amended complaint. (Doc. 28). Defendants Trotta and the City also filed a renewed motion for judgment on the pleadings. (Doc. 30). Plaintiff has filed a third motion to amend his complaint. (Doc. 32). For the reasons discussed below, I now recommend that Defendants' motions be GRANTED, and that Plaintiff's motion be DENIED AS MOOT.

**I.    Background**

Plaintiff's complaint arises out of his interaction with police on November 12, 2015, and subsequent arrest and conviction on several state court charges. The undersigned takes judicial notice of the fact that Plaintiff was charged with felonious assault of a police

officer with a deadly weapon, and pleaded guilty to felonious assault in violation of Ohio R.C. §2903.11A(1), which in relevant part prohibits causing "serious physical harm to another." Plaintiff also pleaded guilty and was convicted of additional state charges of having weapons while under a disability, tampering with evidence, and receiving stolen property.[1] On December 5, 2016, Plaintiff was sentenced to an aggregate sentence of four years. On October 19, 2017, the state trial court denied Plaintiff's motion to withdraw his plea. *See generally*, *State of Ohio v. Harris*, Hamilton County Court of Common Pleas Case No. B 1506395-A. Plaintiff has appealed the trial court's ruling; his appeal remains pending. *See State of Ohio v. Harris*, Ohio Court of Appeals Case No. C 1700645 (docket sheet referenced on October 5, 2018).

In his complaint, Plaintiff describes the incident that led to the referenced charges, though notably without reference to his charges or subsequent conviction. In fact, Plaintiff's complaint omits virtually all references to the conduct to which he later pleaded guilty, including his possession of a firearm. According to his complaint, on November 12, 2015, Plaintiff was "visiting the apartment of an associate" with another individual when Defendant Trotta directed Plaintiff to "show your hands." (Doc. 4 at ¶1). Plaintiff alleges that despite Plaintiff's compliance, Defendant Trotta fired two shots, one of which struck Plaintiff "in his left side above Plaintiff's waist." (*Id.* at ¶3). Plaintiff alleges that the City was "negligent" in its "hiring and retention," (id. at ¶9), and strongly implies (without formally alleging) that Defendant Trotta used excessive force when he shot Plaintiff. (*See, e.g., id* at ¶¶3-4, alleging that Plaintiff "did not make any aggressive moves and

---

[1] Specification 2 of the felonious assault charge and a separate heroin possession charge were dismissed on November 28, 2016, the date of Plaintiff's plea.

complied with the orders given" and had only "slowly turned his head" when Defendant Trotta fired his gun).

Plaintiff was transported to the University of Cincinnati Medical Center where he alleges that UCMC "refused" to remove the bullet. (*Id.* at ¶6). Plaintiff alleges that as a "direct result of the medical negligence" of UCMC, Plaintiff has endured and continue[s] to endure[] severe pain." (*Id.* at ¶ 7). Plaintiff alleges that all four Defendants are liable under 42 U.S.C. § 1983 for violating unspecified civil rights. The original complaint seeks "punitive damages in the amount of 1.5 million dollars" from each Defendant.

In response to Plaintiff's original complaint, the City and Officer Trotta filed a motion for judgment on the pleadings. UCMC subsequently filed a motion to dismiss for failure to state a claim. (Docs. 8, 9, 10). After Plaintiff failed to file any timely response to either of those dispositive motions, the Court issued two "show cause" orders, directing Plaintiff to "show cause" why the respective motions should not be granted. (Docs. 14, 15).

Plaintiff filed a motion to appoint counsel, as well as responses to both of the dispositive motions. (Docs. 16-20). Based upon Plaintiff's responses, the Court rescinded its "show cause" order. (Doc. 21). Shortly after briefing was completed on the Defendants' dispositive motions, Plaintiff filed two motions to amend his complaint. (Docs. 24, 25). The Court granted Plaintiff's first motion to amend, so that Plaintiff could attach "affidavits or merit or certificates of merit" not later than June 12, 2018. (Doc. 26). The Court granted Plaintiff's second motion to amend, (Doc. 25), for the limited purpose of increasing his claim for monetary damages to "an overall total of sixteen five ($16,500,000.00) Million…." (Doc. 25; *see* Doc. 26, Order conditionally granting second

motion to amend).   The Court's order pointed out that Plaintiff "has twice been permitted to amend" and that the discovery deadline of September 17, 2018 was fast approaching.[2] Recognizing "that the continual amendment of pleadings is inherently prejudicial to the parties and to the public at large," the Court imposed a "firm deadline for further amendment" of June 18, 2018.  (Doc. 26 at 6, 8).   In addition, the Court expressly cautioned Plaintiff that "to the extent that he files a third (or further) motion seeking leave to amend his complaint prior to the deadline specified in this Order, he must attach a copy of the proposed amendment, bearing the caption 'Amended Complaint' to the 'motion to amend complaint' filed with this Court." (*Id.* at 6).  Because the authorized amendments to Plaintiff's complaint superseded his original pleading, the Court denied as procedurally moot the Defendants' first motions to dismiss or for judgment on the pleadings, without prejudice to renew.  (*Id.* at 8).

On June 5, 2018, Defendant UCMC filed a renewed motion to dismiss, and Defendants Trotta and the City renewed their motion for judgment on the pleadings. (Docs. 28, 30).   Consistent with his failure to timely respond to the Defendants' first motions, Plaintiff failed to timely respond to the Defendants' renewed motions.  The undersigned again issued "show cause" orders, directing Plaintiff to show cause in writing by August 6, 2018 why the referenced motions should not be construed as unopposed and granted for the reasons stated.  (Docs. 34, 35).  Plaintiff filed a response that included his attached responses to each of the two dispositive motions. (Docs. 36-39).  On August 10, 2018, UCMC filed a reply.  (Doc. 40).

---

[2]Pursuant to Plaintiff's motion, the deadline for the completion of discovery was later extended until October 30, 2018.  (Doc. 41, Notation Order of 9/25/18).

In addition to the pending dispositive motions, on June 23, Plaintiff filed a motion seeking to amend his complaint a third time in order to further increase the amount of damages he seeks "for an overall total of twenty six million." (Doc. 32). Plaintiff's third motion to amend is both untimely and procedurally improper, because he fails to attach a complete copy of the tendered amended complaint as previously directed.[3]

## II. Analysis

### A. Standard of Review

Unlike a motion for summary judgment, a motion to dismiss is directed to the sufficiency of the pleadings, with the Court's review limited accordingly. An identical standard of review applies to both the Defendants' motion to dismiss and to the motion for judgment on the pleadings. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001). Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir.2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted). Thus, this Court may take judicial notice of all of the "exhibits" filed in conformity with Plaintiff's first motion to amend his compliant, (*see* Doc. 27), and further may take judicial

---

[3]Plaintiff attached only a copy of the previous amendment to the monetary damages, which increased his claim to 16.5 million dollars.

notice of Plaintiff's state court proceedings.

The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.*, 508 F.3d at 336. To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.* The Sixth Circuit has explained the pleading requirements that are necessary as follows:

> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." Id. at 1964–65 (internal citations omitted). In *Erickson v. Pardus*, …127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after Twombly, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549–50 (6th Cir.2008) (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d at 295–96 (6th Cir.2008) (footnote omitted); *see also generally, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

All Defendants are entitled to dismissal of Plaintiff's complaint under this standard.

### B. Defendant UCMC's Motion to Dismiss

Plaintiff's claims against UCMC are distinct from his claims against the City and

Defendant Trotta insofar as they relate solely to the treatment of his gunshot wound. UCMC's renewed motion to dismiss persuasively argues that Plaintiff has failed to state a claim upon which relief may be granted under Ohio law, because Plaintiff has failed to attach to his complaint for medical malpractice a copy of an Affidavit of Merit, as required under Ohio Civil Rule 10(D).

In his response to UCMC's first motion to dismiss his original complaint, Plaintiff sought additional time in which to file the requisite Affidavit(s) of Merit in the record, claiming that a family member "already" had obtained a certificate of merit from UCMC. The Court granted Plaintiff's request, directing him to file any "affidavits or certificates of merit that he believes will support his medical negligence claim" as exhibits to his previously filed complaint not later than June 12, 2018. (Doc. 26 at 4-5, 7).

On May 18, 2018, Plaintiff filed documents that he represents to be "attached Affidavits/Certificates of Merit." Those documents are considered as exhibits and/or an amendment to his original complaint. (*See* Doc. 27). The various exhibits are comprised in part of what appear to be UCMC Emergency Department records dated November 12, 2015 (Doc. 27 at 2-22), and an "affidavit" by Plaintiff purportedly authenticating the medical records as his own. (Doc. 27 at 23).

Additional pages of the exhibits include a May 4, 2017 "City of Cincinnati Citizen Complaint Authority Investigation Report and Finding" ("CCA Report") concerning Plaintiff's complaint about Defendant Trotta's discharge of his firearm on November 12, 2015. The CCA Report contains a narrative summary of the incident including the basis for Trotta's belief that Plaintiff and another individual (Titus Bell) were a threat to his life. In an interview included in the report, Trotta states that Harris did not comply with the

order to show his hands but instead "reached and began to pull something from his waistband in a drawing motion." Two stolen firearms were recovered after the incident: one outside at the foot of the window of the apartment, and the other in the apartment building's driveway. (Doc. 27 at 28). The CCA Report states: "The Hamilton County Prosecutor's Office issued a letter of declination on June 28, 2016, stating that Sergeant Brian Trotta was justified in his actions, and he did not violate any criminal statutes." (Doc. 27 at 31). The CCA Report further states that the Firearms Discharge Board "determined Sergeant Trotta used an appropriate amount of force when he discharged his Department issued firearm during this incident, and the force used was consistent with CPD policy and training." (*Id.*) Like the Prosecutor and of the Firearms Discharge Board, the CCA Report concludes "that Sergeant Trotta was in compliance with CPD's policies, procedures, and training when he discharged his firearm" and found that the "alleged conduct [discharge of firearm] did occur but did not violate CPD policies, procedures, or training. EXONERATED." (Doc. 27 at 35).

The final pages of the "exhibits" filed by Plaintiff as an amendment to his complaint consist of a second "affidavit" relating to his state court criminal conviction and complaints about the attorney he retained to represent him at that time (Clyde Bennett). (Doc. 27 at 40). Plaintiff also has attached a series of news articles that allegedly pertain to unrelated events involving Mr. Bennett and Defendant Trotta. (*See generally* Doc. 27 at 38-43). None of these last exhibits appear relevant to the claims presented in this lawsuit.

### 1. Defendant is Entitled to Dismissal of Medical Negligence Claim

Plaintiff's complaint most clearly alleges "medical negligence" against Defendant UCMC. (*See* Doc. 4 at ¶7, alleging "severe pain" as a result of "the medical negligence

of Defendant UC"). Such a claim arises under state law. However, based upon the undersigned's review of the Exhibits/amended complaint docketed on May 18, 2018, it is clear that Plaintiff has failed to file an Affidavit of Merit from a qualified medical expert in compliance with Ohio Civil Rule 10(D) to support his state law claims of medical negligence.

Under Ohio R. Civ. P. 10(D)(2), any complaint sounding in medical malpractice must include an Affidavit of Merit relative to each defendant. The Rule states, in relevant part:

> *Affidavit of Merit; Medical, Dental, Optometric, and Chiropractic Liability Claims.*
>
> (a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim… as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid. R. 702 and, if applicable, also meeting the requirements of Evid. R. 601(D). Affidavits of merit shall include all of the following:
>
>   (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>
>   (ii) A statement that the affiant is familiar with the applicable standard of care;
>
>   (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Ohio Civ R 10 Form of pleadings, Rule 10(D)(2).

Rule 10(D) applies to a broad array of medical claims, including the type of claim presented by Plaintiff herein. The Ohio Supreme Court has held that the proper response to a failure to comply with Ohio R. Civ. P. 10(D)(2) is a motion to dismiss for failure to

state a claim, and that such motion is appropriately granted without prejudice. *See Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 897 N.E.2d 147 (Ohio 2008).

Because Plaintiff brings his state law claim of "medical negligence" in federal court, this Court must determine whether Ohio Civ. Rule 10(D) should be considered as either a "substantive" or "procedural" rule of law. If a state law is considered to be "substantive," then the law will be applied by a federal court exercising supplemental or pendent jurisdiction over a state claim. *See generally Erie Railroad v. Tompkins*, 304 U.S. 64 (1938). By contrast, if the state law is considered to be solely "procedural" in nature, then federal procedural rules are controlling. *See Daniel v. United States*, 716 F. Supp.2d 694, 696 (N.D. Ohio 2010).

UCMC argues vigorously that Ohio's Affidavit of Merit requirement, like similar laws imposed by other states, should be considered substantive under the *Erie* doctrine. *See, e.g., Chamberlain v. Giampapa*, 2010 F.3d 154, 158 (3rd Cir. 2000) (finding that a New Jersey statute requiring the filing of an affidavit in a professional malpractice case was substantive law). In support of its argument, Defendant UCMC proclaims that "federal courts have *continually* held that Ohio R. Civ. P. 10(D)(2) is a substantive law for *Erie* purposes." (Doc. 28 at 9, emphasis added). However, federal courts have not *universally* adopted that holding. Rather, the undersigned's research finds published case law to support the opposite conclusion – that the Ohio Affidavit of Merit requirement is procedural in nature. *See, e.g., Beair v. Ohio Dept. of Rehabiliation*, 156 F. Supp.3d 898 (N.D. Ohio 2016); *Larca v. United States*, 302 F.R.D. 148, 158 (N.D. Ohio 2014) (distinguishing the body of case law from the majority of Ohio federal courts and holding Ohio rule requiring affidavit of merit is procedural).

The Sixth Circuit has yet to issue a published decision on this issue. However, considering the case law as a whole, including the body of published federal decisions as well as a published case from the Southern District of Ohio, the undersigned agrees with Defendant that Ohio Civil Rule 10(D) is substantive. *See, e.g., Davis v. United States*, 302 F. Supp.3d 951, 956-957 (S.D. Ohio 2017) (Ohio rule is substantive); *Daniel v. United States*, 716 F. Supp.2d 694 (same); *Jones v. Correctional Medical Servs., Inc.*, 845 F. Supp.2d 824, 853-858 and n.11 (W.D. Mich. 2012) (analyzing at length similar Michigan law, collecting cases); *Eiswert v. United States*, 2018 WL 3030094 at n.5, ___ F. Supp.3d ____ (E.D. Tenn. 2018) (similar Tennessee law is substantive)[4]; *but see Stinnett v. United States*, 891 F. Supp.2d 858 at n.9 (M.D. Tenn. 2012) (declining to reach issue). Notwithstanding the conflict in the Northern District of Ohio illustrated by *Daniel*, *Beair*, and *Larca*, virtually all cases from the Southern District agree that Rule 10(D) is substantive. *Accord Bush v. Sec'y of Dept. of Veterans Affairs*, 2014 WL 127092 (S.D. Ohio Jan. 13, 2014) (noting lack of controlling Sixth Circuit case law and judicial disagreement, but granting motion to dismiss after concluding that rule is substantive); *Bush v. U.S.*, 2014 WL 661686 (S.D. Ohio Feb. 19, 2014) (same*); Kennedy v. U.S. Veterans Admin.*, 2013 WL 5524686 at **3-4 (S.D. Ohio Oct. 4, 2013) (collecting cases); *Nicholson v. Collins*, 2009 WL 4147884 (S.D. Ohio Nov. 23, 2009); *Gallivan v. Unites States*, 2018 WL 4145012 at n.1 (N.D. Ohio Aug. 30, 2018) (holding Ohio rule to be substantive, but acknowledging that other judicial officers in the Northern District have reached the opposite conclusion)[5]; *Bierbauer v. Manenti*, 2010 WL 4008835 (N.D. Ohio

---

[4]Plaintiffs have filed a notice of appeal in *Eiswert*; therefore, the decision cannot be considered final.
[5]Mr. Gallivan recently filed an appeal; therefore, the decision cannot be considered final.

Oct. 12, 2010) (holding rule is substantive); *Perotti v. Medlin*, 2009 WL 723230 at **2, 10 (N.D. Ohio Mar. 16, 2009) (holding rule is substantive); *Nicholson v. Catholic Health Partners*, 2009 WL 700768 (N.D. Ohio Mar. 13, 2009) (same).

Plaintiff's failure to file the requisite Affidavit renders his claim legally insufficient to state a claim under Ohio law. Therefore, Defendant UCMC is entitled to dismissal of his state law claim.

### 2. Defendant UCMC is Entitled to Dismissal of § 1983 Claim

Plaintiff also has failed to state any claim against Defendant UCMC or the John Doe Physician who treated him under 42 U.S.C. § 1983. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1986). Considering that Plaintiff alleges only "negligence" against UCMC, it is fairly debatable whether Plaintiff even alleges a constitutional violation by that Defendant.[6]

Even if Plaintiff intended to bring such a claim, however, UCMC would be entitled to dismissal based upon Plaintiff's failure to adequately plead a § 1983 claim. First, Plaintiff fails to so much as allege that UCMC acted under color of state law. Even if he had included such a conclusory allegation, UCMC appears to be a private healthcare corporation and not a state actor. "Action under color of state law is a *sine qua non* of a

---

[6]The undersigned assumes that Plaintiff was a pretrial detainee at the time he was treated by UCMC on November 12, 2015. Courts evaluate deliberate indifference to the medical needs of pretrial detainees under the Fourteenth Amendment, rather than under the Eighth Amendment. *See generally City of Revere v. Mass. General Hosp.*, 463 U.S. 239, 103 S. Ct. 2979 (1983).

§ 1983 suit." *Blythe v. Schlievert*, 245 F.Supp.3d 959, 967 (N.D. Ohio, 2017) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988)); *Ellison v. University Hospital Mobile Crisis Team*, 108 Fed. Appx. 224 (6th Cir. June 30, 2004).

Plaintiff also has failed to sufficiently allege that the treatment provided by UCMC amounted to deliberate indifference to Plaintiff's serious medical needs. First, Plaintiff fails to allege any specific acts or omissions by UCMC that would rise to the level of a constitutional claim of deliberate indifference to his serious medical needs; rather, Plaintiff merely alleges in a conclusory fashion that UCMC "refused" to remove the bullet lodged in his abdomen. Although the Court is limited to a review of the pleadings, Plaintiff was permitted to amend to attach medical records filed as supplemental exhibits. (Doc. 27). Those records reflect that UCMC provided trauma treatment to Plaintiff for his wound(s), that Plaintiff "remained hemodynamically stable throughout his ED stay," and that he was "deemed [medically] safe for discharge" to police custody and subsequently transported to the Justice Center. (Doc. 27 at 12-13).

Plaintiff's wholly conclusory allegation that UCMC "refused" to remove the bullet prior to transporting him to the Justice Center is insufficient to state any violation of his constitutional rights as a matter of law. The medical records that now form part of Plaintiff's complaint show, objectively, that UCMC provided some level of treatment and frankly contradict any suggestion that the treatment resulted in a serious deprivation of medical care.

In addition, Plaintiff has failed to allege the subjective component of a deliberate indifference claim against UCMC - that UCMC was subjectively aware but deliberately and consciously disregarded a serious risk to Plaintiff's health or safety. *See Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994); *Cairelli v. Vakilian*, 80 Fed. Appx. 979, 983 (6th Cir. 2003); *see also Estelle v. Gamble*, 429 U.S. at 105-106.

In his response in opposition to Defendant's motion to dismiss, Plaintiff makes a confusing argument that it "is well established that if the bullet fragments [were] not in a position that would cause more harm and damage, then those fragments should have been removed. The fragments should have been removed under reasonable care." (Doc. 38 at 4). He concedes that the Affidavit of Merit is required to prove medical negligence under Ohio law, but requests that this Court not dismiss his claim of "serious medical needs and unreasonable standards of care." (Doc. 38 at 5).

Unfortunately for Plaintiff, his response merely confirms both: (1) that his allegations rise to no more than a state law claim of medical negligence under state law; and (2) that Defendant UCMC is entitled to dismissal of that claim based upon his failure to provide an Affidavit of Merit. In short, Plaintiff's argument does nothing to dispel the conclusion that he has not stated a § 1983 claim and that Defendant UCMC's motion to dismiss should be granted in full.

### C. Defendants' Motion for Judgment on the Pleadings

Defendants Trotta and the City are also entitled to judgment as a matter of law.

#### 1. *Heck v. Humphrey* Bar

Although Plaintiff's original complaint never uses the term "excessive force" and does not cite to any particular constitutional provision, his complaint is reasonably and liberally construed as alleging a claim of excessive force against Defendant Trotta, in violation of the Fourth Amendment and 42 U.S.C. § 1983. *See generally, Rogers v. Detroit Police Dept.*, 595 F. Supp.2d 757 (E.D. Mich. 2009) (holding that plaintiff, who was

shot during the course of his arrest but was not (yet) a detainee at the time of the shooting, could not state a claim under the Eighth or Fourteenth Amendments but had alleged claim under the Fourth Amendment). However, Defendants persuasively argue that because Plaintiff's state court criminal convictions have not been reversed or vacated, he cannot state any claim for relief. *See generally Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994) (holding that a plaintiff cannot bring a claim for monetary damages for conduct that would invalidate his underlying conviction, unless that conviction or sentence has been reversed, expunged, declared invalid, or otherwise called into question by issuance of a writ of habeas corpus); *see also Naselroad v. Mabry*, 686 Fed. Appx. 312 (6th Cir. April 12, 2017).

In 2016, Plaintiff pleaded guilty to the felonious assault of a police officer, including a gun specification. On the facts presented by the record and as alleged in Plaintiff's complaint, Plaintiff's excessive force claim is clearly barred. *See Brown v. City of Detroit*, 47 Fed. Appx. 339 (6th Cir. 2002) (holding that arrestee's conviction for assault with intent to murder arresting officer precluded § 1983 suit against same officer for alleged excessive force in effectuating arrest); *Dillard v. Santiago*, 2007 WL 210397 (N.D. Ohio Jan. 24, 2007); *accord Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000); *Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995). *But contrast, Rogers v. Detroit Police Dept.*, 595 F. Supp.2d at 768-769 (holding that conviction of resisting and obstructing under Michigan law was not necessarily equivalent to assault and battery).

Here, Plaintiff's excessive force claim is so closely intertwined with his state court felonious assault conviction that it amounts to a collateral attack on that conviction. Because success on his excessive force claim would undermine and invalidate his

conviction, Defendants are entitled to dismissal of his claims as a matter of law. *See also Mash v. Clymer*, 2018 WL 2185575, at *2 (W.D. Ky., 2018).

### 2. No Claim Stated Against the City of Cincinnati

Plaintiff's excessive force claim against the City is both derivative of and dependent at least in part on his legally insufficient claim against Defendant Trotta and fails for that reason alone. In addition, Plaintiff alleges only in the most conclusory fashion that the City is liable for its "negligent hiring and retention" of Trotta. (Doc. 4 at ¶9). To establish municipal liability under § 1983, Plaintiff must show: (1) harm caused by a constitutional violation; and (2) that the City was directly responsible for the constitutional violation. *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009). The City is also entitled to judgment as a matter of law because Plaintiff's complaint fails to adequately allege harm caused by any constitutional violation. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

Even if Plaintiff had managed to state a claim against Trotta or his claim for "medical negligence" against UCMC somehow could be construed as a claim against the City, he has failed to allege any facts at all to suggest that the City has an illegal policy or custom, that the City itself acted with deliberate indifference to Plaintiff's health or safety, or that the City was the moving force behind any alleged constitutional violation. Therefore, the City still would be entitled to judgment under Rule 12(c). *Accord Brown v. City of Detroit*, *supra*.

### III. Conclusion and Recommendation

For the reasons discussed, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss and motion for judgment on the pleadings (Docs. 28, 30) be **GRANTED**, that Plaintiff's motion to further amend his complaint (Doc. 32) be **DENIED AS MOOT**, and

that this case be **CLOSED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JARVIS HARRIS,

    Plaintiff,

v.

CITY OF CINCINNATI, et al.,

    Defendants.

Case No. 1:17-cv-762

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).