UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JARVIS HARRIS,

    Plaintiff,

v.

CITY OF CINCINNATI, et al.,

    Defendants.

Case No. 1:17-cv-762

Barrett, J.
Bowman, M.J.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

**I.    Procedural Background**

On October 10, 2018, the undersigned recommended that Defendants' motion to dismiss and motion for judgment on the pleadings be granted, that Plaintiff's motion to further amend his complaint be denied, and that this case be closed. (Doc. 42). Plaintiff has filed objections to that Report and Recommendation ("R&R), which objections remain pending before the presiding district judge.

On November 29, 2018, Plaintiff also filed a motion for pendent, or supplemental jurisdiction. (Doc. 49). The undersigned now recommends denial of that motion based upon the lack of any basis for federal jurisdiction under 42 U.S.C. § 1983.[1]

**II.    Analysis**

The prior R&R fully explained the reasons for disallowing Plaintiff's proposed third amendment to his complaint, as well as the basis for dismissing this federal lawsuit based

---

[1] Plaintiff also filed a motion seeking an extension of time to respond to the Defendant's amended response to his objections. This R&R is limited to the jurisdictional motion since ordinarily, motions seeking additional time in which to file objections (or respond to objections) are ruled on by the presiding district judge.

upon a failure to state any cognizable claim. To reiterate only briefly, the undersigned agreed with Defendants that Plaintiff's alleged claim of medical negligence was legally insufficient, and that Plaintiff's § 1983 claims also were insufficient to state a claim as a matter of law.

> Unfortunately for Plaintiff, his response merely confirms both: (1) that his allegations rise to no more than a state law claim of medical negligence under state law; and (2) that Defendant UCMC is entitled to dismissal of that claim based upon his failure to provide an Affidavit of Merit. In short, Plaintiff's argument does nothing to dispel the conclusion that he has not stated a § 1983 claim and that Defendant UCMC's motion to dismiss should be granted in full.

(Doc. 42 at 14). The undersigned further recommended that the motion for judgment on the pleadings filed by Defendants Trotta and the City of Cincinnati be granted based upon the *Heck v. Humphrey* bar, and "because Plaintiff's complaint fail[ed] to adequately allege harm caused by any constitutional violation." (Doc. 42 at 16, citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)).

Plaintiff's motion for "pendant" or supplemental jurisdiction over any state court claims should be denied for all of the reasons stated in the prior R&R. First and foremost, the undersigned has already recommended dismissal of the state court claim, as well as of all federal claims. In addition, this Court cannot exercise jurisdiction over a "related" state law claim in the absence of underlying federal question jurisdiction. *See Miller v. Countrywide Home Loans*, 747 F. Supp.2d 947, 953 (S.D. Ohio 2010). In the absence of a claim that rests on a federal statute or constitutional law that would give rise to jurisdiction under 28 U.S.C. §1331, this Court lacks subject matter jurisdiction over Plaintiff's state law claim.

2

### III. Conclusion and Recommendation

For the reasons discussed, **IT IS RECOMMENDED THAT** Plaintiff's motion to retain "pendant" or supplemental jurisdiction over his state law claims (Doc. 49) be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JARVIS HARRIS,

    Plaintiff,

v.

CITY OF CINCINNATI, et al.,

    Defendants.

Case No. 1:17-cv-762

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4