# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jarvis Harris,

    Plaintiff,

v.

City of Cincinnati, et al.,

    Defendant.

Case No. 1:17-cv-00762

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's October 10, 2018 Report and Recommendation ("R&R") (Doc. 42) and April 19, 2019 Supplemental R&R (Doc. 52).

Proper notice has been given to the parties, including notice that they would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to both R&Rs (Docs. 46, 53) and Defendant University of Cincinnati Medical Center ("UCMC") filed a Response to Plaintiff's first objections (Doc. 48). The Magistrate Judge provided a comprehensive review of the record in the R&Rs and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## I. STANDARDS OF REVIEW

Determinations made by a Magistrate Judge are subject to the review of the district court pursuant to 28 U.S.C. § 636(b)(1). With respect to non-dispositive matters, and when the Court receives timely objections to an R&R, "the district judge in the case must

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). With respect to dispositive matters, and when the Court receives timely objections to an R&R, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

The Court will begin with Plaintiff's Objections to the Supplemental R&R. Those objections are virtually identical to his prior objections to the October 10, 2018 R&R and, more importantly, do not include any argument regarding the Magistrate Judge's recommendation that the Court deny his Motion to Retain "Pendant" or Supplemental Jurisdiction over his state law claims. (Doc. 53). *Compare* (Doc. 46 at PageID 288-305), *with* (Doc. 53 at PageID 361-378). The Court will, thus, overrule Plaintiff's objections to the Supplemental R&R.

Turning to Plaintiff's objections to the October 20, 2018 R&R, he objects to the Magistrate Judge's orders denying his Motion to Amend his Complaint (Doc. 32) and Motions to Appoint Counsel (Doc. 17). Plaintiff filed his initial Complaint in November 2017 and the Magistrate allowed him to amend that Complaint twice. (Doc. 26). Moreover, and as the Magistrate Judge explained, his third Motion to Amend is untimely and fails to include a complete copy of the requested amended compliant; rather, he attached a copy of a prior amendment which the Magistrate Judge already granted.

(Docs. 32, 42). The Magistrate Judge similarly explained that he has no constitutional right to appointment of counsel and there are no exceptional circumstances present that convince the Court that utilizing its powers to appoint counsel is necessary in this case. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *see* 28 U.S.C. § 1915(e). Having reviewed the Magistrate Judge's R&R on these non-dispositive matters, the Court finds no portion to be "clearly erroneous or contrary to law" and accepts the recommendations. Fed. R. Civ. P. 72(a), (b)(3).

Plaintiff also argues that the Magistrate Judge erred by taking judicial notice of Plaintiff's state court charges, guilty plea, additional convictions, sentencing, and appeal surrounding the November 12, 2015 incident. (Doc. 46 at PageID 290-292, 301-02). However, "[f]ederal courts may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Similarly, to the extent that his objections include allegations that he not able to learn the applicable law or cite pertinent cases because his access to the law library is limited, the law librarian requires inmates to obtain a pass, and LexisNexis is only on two computers, (Doc. 46 at PageID 294-296), the Court notes that it has granted him multiple extension in this matter in light of his trouble accessing the law library. *See e.g.*, (Doc. 26, 37, 45). Moreover, "[p]risoners may not dictate . . . the method by which access to the courts will be assured." *Penland v. Warren County Jail*, 759 F.2d 524, 531 n.7 (6th Cir. 1985) (en banc).

Plaintiff next objects to the Magistrate Judge's finding that he has failed to state claims against each Defendant. (Doc. 46 at PageID 293-94). Plaintiff provides boilerplate legal citations, reiterates the allegations in his Complaint, as amended, and states the

3

Magistrate Judge was incorrect. (*Id.*). The Court is not persuaded by Plaintiff's conclusory disagreement. *See Aldrich v. Bock*, 32 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

To the extent that Plaintiff attempts to clarify the constitutional claims against each Defendant in his objections, (Doc. 46 at PageID 299-301), he is cannot do so at this time. *See Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 499 (S.D. Ohio 2012) ("As a general rule, it is elementary that the Court does not (and cannot) consider matters outside the four corners of the complaint when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

Plaintiff next contends that Ohio Rule of Civil Procedure 10(d) is unconstitutional, because it is impossible for him, an indigent prisoner, to obtain an affidavit of merit for his medical claim. (Doc. 46 at PageID 302- 304). *Cf.* Ohio Civ. R. 10(D)(2)(a) ("a complaint that contains a medical claim . . . shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability."). The Court agrees with Defendant UCMC that while complying with Ohio Civil Rule 10(D)(2)(a) may be difficult for Plaintiff, that difficulty does not render the Rule unconstitutional. Moreover, aside from stating the trouble he has obtaining such an affidavit, Plaintiff provides no argument regarding what portion of that Rule is unconstitutional and the Court will not manufacture arguments on his behalf.

Finally, although Plaintiff asserts that the proper remedy for his failure to attach the required affidavit of merit is for Defendant to request a more definite statement rather than

move for dismissal, (Doc. 46 at PageID 304-05), he is incorrect. *See Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, ¶ 21, 120 Ohio St. 3d 167, 172, 897 N.E.2d 147, 151 (holding "that the proper response to a failure to comply with Civ. R. 10(D)(2) is a motion to dismiss filed under Civ. R. 12(B)(6).").

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that the Magistrate Judge's October 10, 2018 R&R (Doc. 42) and April 19, 2019 Supplemental R&R (Doc. 52) are **ADOPTED in full**. Consistent with those recommendations, it is **ORDERED** that:

- Defendant UCMC's Motion to Dismiss (Doc. 28) and Defendants City of Cincinnati and Trotta's Motion for Judgment on the Pleadings (Doc. 30) are **GRANTED;**

- Plaintiff's Motion to Amend (Doc. 32) and Motion to Extend (Doc. 50) are **DENIED as MOOT**;

- Plaintiff's Motion to Retain "Pendant" or Supplemental Jurisdiction (Doc. 49) is **DENIED**; and

- This matter be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

          __s/ Michael R. Barrett_____
          JUDGE MICHAEL R. BARRETT